UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:19 CR 620 |
|  | ) | 1:19 CR 376 |
| Plaintiff, | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
|  | ) |  |
| JOHN SHEAR, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon John Shear's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #65: Case No. 1:19-cr-620, PageID 291).[1] Petitioner claims that his counsel was ineffective for failing to object to a 4-level enhancement for using a firearm in connection with another felony offense, and failing to argue the constitutionality of his conviction of possession of a single 9mm bullet as a felon. (*Id.*, PageID 294). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #67). Petitioner has since filed a Reply. (ECF #70).

I.

Mr. Shear was indicted in two separate cases: Case No. 1:19-cr-376 in Count I of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and Case No. 1:19-cr-620 in Count I of Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF #29: PageID 97). On March 11, 2020, the morning of trial, Mr. Shear pled guilty to both indictments without a plea agreement. (*Id.*). Because the Court

---

[1] All citations to the record are to Case No. 1:19-cr-620 as the Court consolidated Mr. Shear's indictments.

consolidated both indictments, the probation office in the PSR grouped the two single-count indictments for purposes of calculating the offense level. (*Id.*, PageID 100-01). Mr. Shear's base offense level was 24 due to his two prior felony convictions for either a controlled substance or a crime of violence. (*Id.*, PageID 100). He then received a 2-level enhancement for possessing between three and seven firearms, another 2-level enhancement because one of the firearms was stolen, and a 4-level enhancement for using a firearm in connection with another felony offense (threatening to assault the law enforcement officers who tried to arrest him in the hotel room). (*Id.*). Mr. Shear's total adjusted offense level amounted to 30 after a 2-level reduction for acceptance of responsibility. (*Id.*, PageID 100-01). However, Mr. Shear did not receive the additional third level for acceptance of responsibility because he failed to notify the Government of his intent to plead guilty until the day before trial was scheduled. (*Id.*, PageID 100).

The PSR calculated Mr. Shear's criminal history category as VI based on 17 criminal history points. (*Id.*, PageID 108). His criminal history category and offense level in conjunction with the U.S. Sentencing Guidelines produced a range of 168-210 months. (*Id.*, PageID 12). The Court imposed a sentence below the guideline range totaling 144 months: 120 months for the hotel room case and 24 months in the ammunition case, to be served consecutively. (ECF #61: PageID 280). Mr. Shear appealed this sentence, arguing that this Court erred by imposing consecutive sentences. (ECF #50: PageID 196; ECF #63: PageID 288). The Sixth Circuit AFFIRMED. (ECF #64: PageID 290). He now seeks to vacate his sentence on the grounds of ineffective assistance of counsel and actual innocence. (ECF #65-1: PageID 305, 309).

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

§2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

1. **GROUND I: Ineffective Assistance of Counsel**

Mr. Shear alleges ineffective assistance of counsel in Ground I. (ECF #65-1: PageID 305). To prevail on an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Both elements of the Strickland Test must be satisfied for the defendant's claim to pass muster. Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Examination of the counsel's performance must focus on counsel's actual performance, not on retrospective analysis. For a counsel's performance to be deficient, it must fall "below an objective standard of reasonableness." *Id.* at 688. The Sixth Circuit holds "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arrededondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

### a. Mr. Shear has not demonstrated that his counsel was ineffective for failing to object to the 4-level enhancement for possessing a firearm in connection with another felony offense.

Guideline § 2K2.1(b)(6)(B) involves a 4-level enhancement if the defendant "used or possessed any firearm in connection with another felony offense[.]" A defendant is subject to this enhancement "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense." USSG § 2K2.1, App. Note. 14(A).

Law enforcement officers arrived at a Days Inn in Willoughby, OH after learning Mr. Shear, who had an outstanding arrest warrant, was staying there. (ECF #29: PageID 98). When they announced their presence outside his hotel room, Mr. Shear threatened to shoot whoever entered his room. (*Id.*). When the officers eventually entered, they found three handguns, ammunition, marijuana, and drug paraphernalia. (*Id.*, PageID 98-99). Based on Mr. Shear's use of the firearm to threaten law enforcement in his attempt to evade arrest, the firearm "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1, App. Note. 14(A).

The 4-level enhancement for using a firearm in connection with another felony offense was therefore appropriate.

Mr. Shear claims that his counsel was ineffective for failing to object to the enhancement because (1) "nowhere in the record does it reflect where the Government set forth any evidence that the alleged threatened assault was a felony offense," and (2) "the Government never even stated what statute that the petitioner was supposed to have violated." (ECF #65-1: PageID 305-06). The PSR sets forth facts that constitute a felony offense specifically, threats Mr. Shear made to assault law enforcement officers. (ECF #29: PageID 98-100). As the Government addressed in its Response, Federal Rule of Criminal Procedure 32 allows the Court at sentencing to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3). Additionally, Mr. Shear admitted to making the threats in his guilty plea. (ECF #27: PageID 62). Further, while the Government did not point to a specific statute that constitutes "another felony offense," it is undisputed that threatening to shoot law enforcement officers in order to evade arrest would constitute a felony offense. Therefore, even if an objection had been warranted, the omission was not prejudicial.

### b. Mr. Shear has not demonstrated that his counsel was ineffective for failing to object to his conviction for possession of ammunition.

An attorney's failure to raise frivolous objections does not constitute ineffective assistance of counsel. *Goldsby v. United States*, 152 F. App'x 431, 438 (6th Cir. 2005) ("Failing to file a frivolous motion does not constitute ineffective assistance of counsel[.]"). Mr. Shear attempts to argue that his counsel was ineffective for failing to object to his conviction for possession of ammunition because he was found with a single bullet as opposed to a firearm or other form of ammunition. (ECF #65-1: PageID 306-08).

"The term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." 18 U.S.C. § 921(a)(17)(A). Mr. Shear offers his own analysis of what ammunition includes, arguing that the single bullet found in his pocket does not make the list. (ECF #65-1: PageID 306-08). Besides the fact that his singular/plural debate is frivolous in itself, he admitted to possession of ammunition in his guilty plea. (ECF #27: PageID 62). His claim that his counsel was ineffective in failing to argue that a conviction for possession of ammunition based on a single bullet is unconstitutional fails on the merits.

2.  **GROUND II: Actual Innocence**

Mr. Shear asserts in Ground II that Case No. 19-cr-376 must be vacated because he has not actually violated 18 U.S.C. § 922(g)(1), but he neglects to bring any supporting evidence before this Court. (ECF #65-1: PageID 309). Although Mr. Shear dives into an analysis of the term 'ammunition' as defined in 18 U.S.C. § 921(a)(17(A), he fails to support his argument with any case law. (*Id.*, PageID 309-11). Instead, he offers his own singular/plural discussion as to whether the single bullet found in his pocket is captured within the definition of 'ammunition.' While he points to the rules of construction and the context of the statute defining 'ammunition,' he ultimately presents a faulty analysis. He admitted in his guilty plea that the 9mm round bullet he possessed at the time of his arrest by his parole officers was ammunition and ultimately did not raise this argument in his direct appeal. (ECF #63; ECF #64).

### IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Shear has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED

*s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: __7/22/2022__